# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LAURA ZUNIGA, et al.,  )
             Plaintiffs,  )
             v.  )   Case No. 16 C 1897
PIERCE AND ASSOCIATES, P.C., et al.,  )
             Defendants.  )

## MEMORANDUM OPINION AND ORDER

Pierce and Associates, P.C. ("Pierce") is the one remaining defendant in what had initially been a two-defendant action brought by Laura Zuniga and Juana Apzaith-Sanchez, on behalf of plaintiffs and a class, that had sought to target defendants with multiple violations of the Fair Debt Collection Practices Act (the "Act," 15 U.S.C. §§ 1692 et seq.). With Pierce's Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Complaint having reached the fully-briefed stage and therefore ripe for disposition,[1] on Monday of this week (May 2) Pierce's counsel noticed up for presentment today (May 5) a motion for leave to add as supplemental authority the opinion just issued by this Court's good friend and colleague Honorable Robert Gettleman in <u>Gierke v. Codilis and Assocs., P.C.</u>, Case No. 15 C 11618 in this District Court -- an opinion issued on the selfsame May 2 date as the filing of Pierce's new motion. This Court grants that motion (Dkt. No. 38) and, having done so, will use Judge Gettleman's opinion as the springboard for determination of Pierce's Rule 12(b)(6) motion (Dkt. No. 21).

---

[1] In fact, this Court's able law clerk had essentially completed the preparation of a draft opinion for this Court's review and editing -- a draft that would have arrived at the same destination reached in this opinion.

As any lawyer who has had the occasion to be the winner or loser of a motion in one or more cases on this Court's calendar over the years (or may perhaps have had occasion to encounter any of this Court's written opinions in addressing a motion on the calendar of any of its colleagues) may have noted, this Court's opinions are marked by a paucity (or far more frequently a total dearth) of citations to other District Judges' opinions. That of course reflects no lack of respect for such opinions or for the judges who have produced them -- instead it is based on the firmly-established principle, regularly (and properly) taught by our Court of Appeals, that District Court opinions are not precedential and have weight only to the extent that a later court may find them persuasive.

Indeed, that same sense of the nonprecedential nature of District Judges' opinions normally leads this Court to eschew citations even to its own earlier opinions unless they bear the same relationship to a current problem that Judge Gettleman's opinion does in this case. In this instance Judge Gettleman's thoroughly researched and impeccably analyzed Gierke opinion is, in the words of the often misused aphorism, "the exception that proves the rule."[2] It is so much on all fours with the present case that it might well have been written with this case in mind. To repeat or retrace Judge Gettleman's analytical steps would be an act of supererogation -- a needless trip.

Accordingly Pierce's Rule 12(b)(6) motion (Dkt. No. 21) is granted, and the Complaint is dismissed. Because there is no way in which plaintiffs' meritless contentions can be refashioned to state a viable claim for relief, this action is also dismissed -- and with prejudice.

---

[2] H.W. Fowler's Modern English Usage, which reached its fourth edition last year, but whose second edition has been a valued reference source in this Court's library for fully a half century, has decried the too-often-encountered oxymoronic misuse of that phrase. What is said in the text is intended to employ the proper meaning of the phrase.

This Court had considered the possibility of taking some further action to discourage the tendency of lawyers such as plaintiffs' counsel here to distort the commendable social goals sought to be served by Congress' passage of the Act by instead invoking its provisions to advance what appear to be legally near-frivolous claims.³ But enough time and effort have frankly been wasted on this case already, and it is time to go on to other matters that better justify the expenditure of judicial (and litigators') time.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 5, 2016

---

³ In fairness this Court should make it clear that the law firm that represents plaintiffs here have, in numerous other cases assigned to this Court's calendar over the years, served those social goals and the goals of other consumer-oriented litigation well by presenting successful meritorious claims and other claims that, even though ultimately unsuccessful, have readily passed muster under the standards prescribed by Rule 11(b).